UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**DAVID ROBERT WALL,**

    Petitioner,

v.                                          Civil No. 2:17cv488
                                                Criminal No. 2:16cr22

**UNITED STATES OF AMERICA,**

    Respondent.

## OPINION AND ORDER

This matter is before the Court on a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed by Petitioner David Robert Wall ("Petitioner" or "Wall"). ECF No. 151. For the reasons noted below, Petitioner's habeas petition is **DENIED**.

### I. FACTUAL AND PROCEDURAL HISTORY

In February 2016, Petitioner was charged with the following seven counts of a twenty-seven count indictment: Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 846 (Count 1); and Using the United States Mail to Cause, Commit and Facilitate a Felony Violation of the Controlled Substances Act in violation of 21 U.S.C. § 843(b) (Counts 9 through 14). See Ind., ECF No. 1.

In March 2016, the Court directed the appointment of counsel for Petitioner. See Initial Appearance Minutes, ECF No. 11. The Court then appointed Jason Dunn to represent Petitioner, and he continued to represent Petitioner at all stages of the proceedings before this Court.

In June 2016, Petitioner pled guilty pursuant to a written plea agreement to Count One of the Indictment. ECF No. 77. The Court accepted Petitioner's guilty plea and continued the matter for sentencing. Id.

In the presentence investigation report ("PSR") prepared on August 10, 2016, the probation officer calculated Petitioner's Advisory Guidelines range to be 135 to 168 months of imprisonment based on an offense level of 33 and a criminal history category of I. See PSR ¶¶ 61-62, ECF No. 100. On August 30, 2016, Petitioner objected to the PSR on numerous grounds, including that (1) the drug weight attributed to him was inaccurate; and (2) he was improperly assessed a two-level enhancement for possession of a dangerous weapon. See Obj. to PSR, ECF No. 106. Petitioner later filed a position paper withdrawing his objection to drug weight. See Def.'s Pos. Paper 2, ECF No. 122. In his position paper, Petitioner requested a downward variance sentence of 70 months incarceration. Id. at 1. The Government filed its position on sentencing opposing Petitioner's objection to the dangerous weapon enhancement and

recommending a Guidelines sentence of 135 to 168 months imprisonment. ECF No. 123. The Court ultimately overruled Defendant's objection to the dangerous weapon enhancement and sentenced Petitioner to a below-Guidelines sentence of 120 months imprisonment, followed by a three-year term of supervised release. See Judgment 2-3, ECF No. 138.

On September 7, 2017, Petitioner timely filed the instant § 2255 motion. ECF No. 151. Petitioner requests that his conviction and sentence be vacated because Petitioner's counsel provided ineffective assistance for (1) failing to conduct an adequate investigation of the charges in the Indictment and failing to seek the dismissal of the Indictment, and (2) failing to bring to the Court's attention the correct drug weight attributable to Petitioner. See Mem. Law Supp. § 2255 Mot. 4-5, ECF No. 152. In February 2018, the Government replied in opposition. ECF No. 168. In March 2018, Petitioner filed his reply brief.[1] ECF No. 165. Having been fully briefed, Petitioner's pending motion is ripe for review.

## II. STANDARD OF REVIEW

A federal prisoner, in custody, may collaterally attack his sentence or conviction by moving the district court "to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To

---

[1] Petitioner styles his reply brief as a Motion to Dismiss the Government's Response. To the extent that he seeks to strike the Government's response from the record, the motion is **DENIED**. ECF No. 169.

3

obtain such relief, a petitioner must prove by a preponderance of the evidence that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," that the district court "was without jurisdiction to impose such sentence," that the sentence exceeds "the maximum authorized by law," or that the sentence or conviction is "otherwise subject to collateral attack." Id.; see Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958). Because a § 2255 motion "is ordinarily presented to the judge who presided at the original conviction and sentencing . . . the judge's recollection of the events at issue" may inform the resolution of the motion. Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

A § 2255 motion is, in essence, a statutory federal habeas corpus action that enables a petitioner to collaterally attack his sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal. United States v. Hadden, 475 F.3d 652, 663 (4th Cir. 2007). The existence of the right to pursue a collateral attack does not displace a direct appeal as the "usual and customary method of correcting trial errors." United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999).

Although a petitioner advancing new claims asserted for the first time in a § 2255 motion must generally "clear a significantly higher hurdle than would exist on direct appeal,"

4

United States v. Frady, 456 U.S. 152, 166 (1981), a freestanding claim of ineffective assistance of counsel is properly asserted for the first time in a § 2255 motion, see United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that 'a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.'" (quoting United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992))). Such rule exists because the Federal Rules Governing § 2255 proceedings permit expansion of the record, which is generally unavailable on direct appeal. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010) (citing Massaro v. United States, 538 U.S. 500, 504-06 (2003)).

The Sixth Amendment to the Constitution of the United States provides that "the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The United States Supreme Court has interpreted the right to counsel as providing a defendant "'the right to the effective assistance of counsel.'" Strickland v. Washington, 466 U.S. 668, 686 (1984) (emphasis added) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). To obtain relief based on an allegation of ineffective assistance, a petitioner must establish both: (1) that counsel's performance was so deficient that it fell below an objective standard of

reasonableness; and (2) that counsel's inadequate performance caused the petitioner prejudice. Id. at 687-88. "Vague and conclusory allegations contained in a § 2255 petition" are insufficient to carry a petitioner's burden under Strickland, and such allegations may therefore "be disposed of without further investigation by the District Court." United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (internal quotation marks and citation omitted).

Satisfying the first prong of Strickland requires a petitioner to establish that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Reviewing courts strongly presume that counsel exercised reasonable professional judgment, and only in "relatively rare situations" will a § 2255 motion establish that, "'in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.'" Tice v. Johnson, 647 F.3d 87, 102 (4th Cir. 2011) (quoting Strickland, 466 U.S. at 690). As it is all too easy to challenge an act, omission, or strategy, once it has proven unsuccessful, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."

6

Strickland, 466 U.S. at 689. A petitioner's showing of deficient performance must therefore go beyond establishing that counsel's performance was below average, because "effective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978); see Strickland, 466 U.S. at 687. According to the Fourth Circuit, the "basic lesson" of Strickland is not just deference but high deference, and attorneys are permitted to "be selective and strategic without risking an ineffective assistance of counsel claim." United States v. Mason, 774 F.3d 824, 830 (4th Cir. 2014).

The second prong of Strickland requires a petitioner to "affirmatively prove prejudice," which requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 693-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If a petitioner fails to prove either of the two prongs of the Strickland test, the Court need not evaluate the other prong.

### III. DISCUSSION

Petitioner's § 2255 motion advances two claims of ineffective assistance of counsel: (1) that Petitioner's counsel failed to conduct an adequate investigation of the charges in

7

the Indictment and failed to request the dismissal of the Indictment; and (2) that Petitioner's counsel failed to bring to the Court's attention the correct drug weight attributable to Petitioner. See Mem. Law Supp. § 2255 Mot. 4-5, ECF No. 152. The Court addresses each claim in turn.

### A. Defense Counsel's Performance Was Not Constitutionally Deficient in Conducting His Pretrial Investigation or in Failing to Seek the Dismissal of the Indictment

Petitioner first argues that counsel provided ineffective assistance by "fail[ing] to investigate the [p]ending charges of the indictment when it could be proven that petitioner's indictment used the [s]ame charges as in count one." Id. at 2. He also asserts that his counsel provided ineffective assistance by failing to seek the dismissal of the Indictment. Id. As to Petitioner's particular complaint, he posits the novel theory that the Indictment is defective because it uses the phrase "a mixture and substance containing a detectable amount of methamphetamine" instead of "mixture or substance."[2] See Mem. Law Supp. § 2255 Mot. 3, ECF No. 152; Pet. Reply Br. 2, ECF No. 169. According to Petitioner, because 21 U.S.C. §

---

[2] In relevant part, Count One of the Indictment states that Petitioner and his co-defendants conspired:

> 1. To unlawfully, knowingly and intentionally distribute and possess with intent to distribute methamphetamine, commonly known as "ice," and a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

Ind. 2, ECF No. 1.

841(b)(1)(A)(viii) refers to a "mixture or substance containing a detectable amount of methamphetamine," the Indictment was defective for not using the same language. Mem. Law Supp. § 2255 Mot. 3; Pet. Reply Br. 2. In addition, Petitioner offers the following observation: "Methamphetamine is not a mixture, it [is] a substance, once something is added to it to produce [a] mixture, then the element of methamphetamine is no longer pure, and [it cannot] be classified [as] an illegal substance without the mixture being tested." Id. Defendant appears to be simply elaborating on his theory that the Indictment should have clearly distinguished between mixtures and substances containing methamphetamine.

The Government responds first by noting that Petitioner's allegations are in conflict with his earlier sworn statements at his change of plea hearing. See Gov.'s Opp'n Br. 10-11, ECF No. 168. At the hearing, Petitioner affirmed that he had the opportunity to discuss his case with his attorney, that he had discussed all the facts of the case with his attorney, and that he was satisfied that his attorney had fully considered all the facts of his case and discussed with him any possible defenses to the charge. See Plea Hr'g Tr. at 14:14-16:15, ECF No. 168-1. Additionally, the Government points out Petitioner acknowledged in the plea agreement that he was "satisfied that [his] attorney has rendered effective assistance." Plea Agr. 2, ECF No. 91.

The Government also has attached an affidavit from Defendant's then-counsel, Mr. Jason Dunn, wherein he states:

> There was no drafting error in the language of the Indictment as to Count 1, the charge to which [Petitioner] pled guilty, and the argument [of the Petitioner] is merely an attempt to use semantics to set aside his conviction. It should be noted that [Petitioner] knowingly and voluntarily entered into a plea agreement to gain acceptance of responsibility and to obtain the dismissal of the remaining charges pending against him in the Indictment.

Dunn Aff. 1-2, ECF No. 168-2.

The Government also correctly notes that Federal Rule of Criminal Procedure 7(c)(1) states in relevant part that a count in an indictment "may allege that the means by which the defendant committed the offense are unknown or <u>that the defendant committed the offense by one or more specified means</u>." Gov. Opp'n Br. 11 (emphasis added). Where the language of a criminal statute is written in the disjunctive, an indictment charging multiple methods of violating that statute must be pled in the conjunctive. See <u>United States v. Rhynes</u>, 196 F.3d 207, 242 (4th Cir. 1999), <u>vacated in part on other grounds</u>, 218 F.3d 310 (4th Cir. 2000) (en banc) ("Where a statute is worded in the disjunctive, federal pleading requires the Government to charge in the conjunctive. The district court, however, can instruct the jury in the disjunctive."); <u>see also</u> <u>United States v. Vann</u>, 660 F.3d 771, 774 (4th Cir. 2011) ("[I]t is settled that a

charging document must allege conjunctively the disjunctive components of an underlying statute.").

Because the Indictment properly listed the terms "mixture" and "substance" in the conjunctive, Petitioner's substantive argument on this point fails. Petitioner's counsel did not render constitutionally deficient performance or prejudice Petitioner by failing to seek the dismissal of a properly drafted indictment. Therefore, Petitioner's claim of ineffective assistance of counsel on the basis that his counsel failed to properly investigate and seek the dismissal of the Indictment is **DENIED** because he has shown neither that counsel's performance was deficient nor that any deficient performance caused Petitioner prejudice.

**B. Defense Counsel's Performance Was Not Constitutionally Deficient Regarding the Drug Weight Attributed to Petitioner**

Next, Petitioner asserts that his counsel was ineffective for failing to "bring to the [C]ourt['s] attention that the quantity of . . . methamphetamine [attributed] to [Petitioner] never [rose] to the proper amount[] to [t]rigger the ten years sentence." See Mem. Law Supp. § 2255 Mot. 2, ECF No. 152. Though Petitioner promised to "go further into this [issue] in his reply brief," id., he has not further clarified his position as to why the quantity of drugs attributed to him was incorrect.

The Court is left with no explanation for why Petitioner believes the drug weight attributed to him is incorrect.

It is important to note that Petitioner's offense of conviction — conspiracy to distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C) — does not carry a mandatory minimum sentence. See 21 U.S.C. § 841(b)(1)(C). Although the Court ultimately sentenced Petitioner to 120 months (10 years) imprisonment, this represented a downward variance sentence from his Guidelines range of 135 to 168 months imprisonment, and it did not result from any mandatory minimum.

Given that Petitioner was not subject to a mandatory minimum and that he has provided no explanation for why the drug weight attributed to him was incorrect, the Court cannot agree that Petitioner has carried his burden in showing that his counsel's performance was constitutionally deficient or that any prejudice arose from this allegedly deficient performance. Therefore, Petitioner's claim of ineffective assistance of counsel on the basis that his counsel failed to object to the allegedly erroneous drug weight attributed to Petitioner is **DENIED** because Petitioner has shown neither that counsel's performance was deficient nor that any deficient performance caused Petitioner prejudice.

## IV. CONCLUSION

For the reasons stated above, Petitioner's § 2255 motion is **DENIED** on all grounds. ECF No. 151.

Finding that Petitioner has not made a "substantial showing of the denial of a constitutional right" as to any of his claims, a certificate of appealability as to Petitioner's § 2255 motion is **DENIED**. 28 U.S.C. § 2253(c)(2); see R. Governing § 2255 Proceedings in U.S. Dist. Cts. 11(a); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. R. Gov. § 2255 Proceedings for U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Court of Appeals, he must forward a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510, within sixty (60) days from the date of this Order.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to Petitioner, to Petitioner's former counsel, and to the United States Attorney's Office in Norfolk, Virginia.

IT IS SO ORDERED.

                                                      /s/ _[signature]_
                                                      Mark S. Davis
                                     UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August _16_, 2018